UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

ARTURO CHAVEZ ROSALES,
J. LUZ CERRANO CISNEROS,
CELESTINO CERRANO CISNEROS AND
RAMON SERRANO CISNEROS, individually and on
behalf of others

Case No.

Hon. 

**PLAINTIFFS,**

v.

HELP STAFFING, L.L.C., a Michigan corporation,
ANTHONY PORTER, an individual,

**DEFENDANTS.**

1:06 CV 0877

**CLASS ACTION COMPLAINT**

Gordon J. Quist
U.S. District Judge

## PLAINTIFFS' ORIGINAL COMPLAINT

1. This is a civil action brought on behalf of the named plaintiffs, Mexican nationals, and all similarly situated H2B workers (hereinafter collectively referred to as **"Plaintiffs"**) who were recruited and employed by Defendants HELP Staffing, L.L.C. (Hereinafter referred to as **"HELP"**) and Anthony Porter (hereinafter referred to as **"Porter"**) in various locations in Michigan during the years of 2004, 2005 and 2006. Defendants recruited Plaintiffs under the H-2B Alien Labor Certification Program to perform landscaping and lawn maintenance services. Plaintiffs complain that the Defendants violated their rights under the Fair Labor Standards Act (FLSA), 28 USC §201 et seq., and the Working at Point Away From Home Locality Act, MCLA §408.581 et seq. Plaintiffs also contend that Defendants breached their work contract and are liable for unjust enrichment.

## JURISDICTION

2. This court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and §1337 and has supplemental jurisdiction over Plaintiffs' breach of contract, unjust

1

enrichment, and MCLA §408.581 claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiffs Arturo Chavez Rosales, J. Luz Cerrano Cisneros, Celestino Cerrano Cisneros and Ramon Serrano Cisneros are citizens of México who reside permanently in México. These named Plaintiffs bring this case on behalf of themselves and a class of similarly situated Mexican workers defined as "All persons recruited and/or employed by HELP Staffing, LLC under the H-2B visa program at any time during the period 2004 through 2006." The named Plaintiffs and the class they seek to represent are hereinafter referred to collectively as "Plaintiffs".

4. Defendant HELP is a Michigan company that provides manual labor to various companies in Michigan.

5. Defendant Porter is the owner and President of Defendant HELP.

## CLASS ALLEGATIONS

6. Plaintiffs bring this action on behalf of a class of all similarly situated workers defined as: "All persons recruited, contracted and/or employed by HELP Staffing, LLC under the H-2B visa program at any time during the period 2004 through 2006."

7. With respect to Count I, Plaintiffs bring this action as a collective action under the FLSA on behalf of the class defined in paragraph 6. A collective action is appropriate because the employees described are "similarly situated" to the named plaintiffs. 29 USC § 216(b).

8. Plaintiffs bring Counts II-IV of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined in paragraph 6.

9. Certification of a class of persons who may receive relief pursuant to counts II through

IV is appropriate pursuant to Fed. Civ. P. 23(b)(3) because:

    a.    the class is so numerous that it is impractical to bring all its members before this Court. On information and belief the class consists of more than 500 H-2B workers;

    b.    there are questions of law and fact common to the class;

    c.    the named plaintiffs' claims are typical of those of the class;

    d.    the named plaintiffs will fairly and adequately protect the interests of the class, and plaintiffs have retained counsel experienced in matters of this type;

    e.    questions of law common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

    f.    testimony and evidence about Defendants' employment and recruitment practices will affect and apply to the claims of all class members. Purely individual questions will be restricted to damage questions should liability be established. If no class action is certified, it will make it impractical for individual class members to pursue relief or may lead to a large number of separate lawsuits, all of which will rely on the same kind of proof and take roughly the same amount of time, causing an unnecessary burden on the courts.

## FACTS COMMON TO ALL COUNTS

10.    Defendant HELP applied for and received H-2B Alien Certification in 2005 receiving fifty-eight (65) foreign workers.

11.    Defendant HELP applied for and received H-2B Alien Certification in 2006 receiving fifty-eight (68) foreign workers.

12. Defendant HELP assisted the following companies in applying for and obtaining H-2B Alien Certification:

    a. Midwest Landscape, Inc. in 2005 for twenty-eight (28) workers and in 2006 for sixteen (16);

    b. Garland Golf USA in 2005 for fifty-four (54) workers and in 2006 for fifty-eight (58);

    c. Great Oaks Maintenance & Horticultural Services, LLC in 2005 for sixty-eight (68) and 2006 for forty-eight (48) workers;

    d. Twin Lakes Golf in 2005 for thirty-seven (37) workers and 2006 for thirty (30) workers;

    e. T.P. Associates, LLC in 2005 for seventeen (17) workers;

    f. Tiede Landscaping, Inc. in 2004 for eleven (11) workers;

    g. Singh Management & Co., LLC for eighteen (18) workers;

    h. Rainstorm Irritech, Inc. in 2004 for six (6) workers;

    i. Bindo Brothers, Inc. in 2004 for sixteen (16) workers;

    j. Owens Specialty Services, Inc. for twenty-six (26) workers.

13. Defendant HELP assisted the following companies in applying for H2-B certification but the certifications were ultimately denied:

    a. Tiede Landscaping, Inc. in 2005 for fifteen (15) workers;

    b. CARA Services, LLC in 2005 for twelve (12) workers;

    c. Rare Earth Lawn & Landscape in 2005 for eight (8) workers.

14. At all times relevant to this action, the Defendants were plaintiffs' "employers" within the meaning of the Federal Fair Labor Standards Act (hereinafter "FLSA"), 29 USC §

4

203(d).

15. Plaintiffs were recruited by the Defendants in or around their home towns in the state of Guanajuato, Mexico. They worked or are currently working for Defendants in Michigan for periods of time between February and December of each year between 2004 and 2006.

16. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" plaintiffs within the meaning of FLSA, 29 USC §203(g).

17. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA, 29 USC §203(e)(1).

18. In each of the relevant years, the Defendants offered plaintiffs work contracts that included, inter alia, the contract terms set forth in the following documents:

   a. Application for Alien Certification known as ETA form 750 (hereinafter ETA 750) for each of the relevant years;

   b. Additional documents submitted to either the INS or the USCIS of the Department of Homeland Security and to the Department of State;

   c. The regulations governing the H-2B visas, 20 C.F.R. part 655;

   d. The written disclosure of the terms offered by defendant provided to the plaintiffs by recruiter defendants; and

   e. An "Employment Agreement" detailing additional terms and conditions of employment. (See Exhibit 1)

19. Each of the ETA 750 forms submitted to the U.S. Department of Labor included the following certifications:

   a. "The wage offered equals or exceeds the prevailing wage and I guarantee that if a

5

    labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work."

  b. "The job opportunity's terms, conditions and occupational environment are not in contrary to Federal, State or Local law."

20. In each of the relevant years, Plaintiffs signed the "Employment Agreement" stating the terms and conditions of employment in Mexico prior to coming to the United States.

21. The "Employment Agreement" contains, among other things, the following promises:

  a. Compliance with the Mexican Federal Law of Employment; and

  b. Submitting to the jurisdiction and the laws of the state where the work is to be carried out with regard to the construction, execution and fulfillment of the terms and conditions of the "Employment Agreement".

22. The terms and conditions of employment offered by the Defendants induced the Plaintiffs to travel from their home to the state of Michigan to work for Defendants.

23. Plaintiffs were brought to Michigan in 2004, 2005 and 2006 to work for the Defendants and/or for the companies on whose behalf the Defendants were acting.

24. Each year, in order to get to Michigan to work under their contracts with Defendants, Plaintiffs incurred expenses that included, but were not limited to, visa fees, travel fees, lodging fees and subsistence during travel from their residence in Mexico to the state of Michigan. In order to return to Mexico at the end of their work for Defendants, Plaintiffs had to incur the costs of transportation to the place of recruitment in Mexico.

25. All of the expenses described in paragraph 24 were primarily for the benefit of the Defendants.

26. At least some of the expenses described above were, under Mexican Federal Employment Law in effect at the place of recruitment, required to be borne directly by the Defendants or their agents as recruiters and/or contractors of Mexican citizens in Mexico for work in the United States.

27. As a matter of policy that Defendants applied to all plaintiffs, Defendants did not reimburse Plaintiffs during their first week of work for the in-bound expenses described in paragraph 24 nor did they reimburse Plaintiffs for their return transportation expenses during the last week of work.

28. As a result of the expenses described in paragraph 24 and the Defendant's policy not to reimburse those expenses, the Plaintiffs did not receive the minimum wage, overtime premium and/or the prevailing wage mandated by the FLSA, the H2B regulations and the "Employment Agreement" during their first work week or their last work week.

29. During Plaintiffs' employment with Defendants, Defendants made deductions from Plaintiffs' paychecks that included, but were not limited to, rent and uniforms.

30. Defendants made these deductions without Plaintiffs' express written consent for *each* paycheck from which deductions were made.

31. All of the deductions described in paragraph 29 were primarily for the benefit of the Defendants.

32. Under Duffy v. Gainey Transportation Services, Inc., 193 Mich. App. 221, at 224, 484 N.W.2d 7 at 9 (1992), the court upheld a decision by the Michigan Department of Labor (MDOL) requiring "a separate written consent by the employee for each paycheck from which a deduction is made." The Michigan Department of Labor was interpreting M.C.L.A §408.477(2) which requires "written consent from the employee for *each* wage

7

payment subject to the deduction...."(Emphasis added)

33. As a result of the deductions described in paragraph 29, the Defendants were unjustly enriched and the Plaintiffs did not receive the federal minimum wage, overtime premium and/or the prevailing wage for hours worked per week during the work weeks in which these deductions were made.

34. Defendants did not provide Plaintiffs with hours of employment as promised in their employment contracts.

35. Defendants did not pay Plaintiffs the wages promised in the "Employment Agreement" that induced Plaintiffs into traveling to Michigan for work.

36. Defendants did not pay Plaintiffs the federal minimum wage for all hours worked.

37. Defendants did not pay Plaintiffs the prevailing wage for all hours worked.

38. Defendants did not pay Plaintiff the overtime premium for all hours worked in excess of forty (40) hours per week.

39. Defendants owe Plaintiffs for these unpaid wages earned.

40. Defendants' failure to pay wages in compliance with the Fair Labor Standards Act was willful.

## COUNT I

### Violation of the Federal Fair Labor Standards Act, 29 USC § 201 et. seq.

41. Plaintiffs incorporate by reference paragraphs 1 through 40.

42. The FLSA requires an employer to pay employees the federally mandated minimum wage of $5.15 per hour. 29 USC §206.

43. Defendants violated the FLSA by making unlawful deductions that drove plaintiffs' effective wages below the applicable minimum wage.

8

44. Defendants violated the FLSA by failing to reimburse the Plaintiffs for expenses, which were primarily for the benefit of Defendant, incurred by the Plaintiffs during the first and last weeks of work.

45. Defendants violated this section by failing to pay the Plaintiffs the minimum wage for all hours worked.

46. The FLSA, 29 USC §207, provides that an employer must pay an employee one and a half times the employee's regular rate for hours in excess of forty hours per week.

47. Defendants did not pay Plaintiffs at a rate of one and a half times their regular rates for hours worked in excess of forty (40) hours.

48. The FLSA, 29 USC § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his/her unpaid minimum wages, unpaid overtime compensation, plus an additional equal amount in liquidated damages, costs of court, and reasonable attorney fees.

### Count II

### Violation of the Working at Point Away From Home Locality Act, MCLA §408.581 et seq.

49. Plaintiffs incorporate by reference paragraphs 1- 48.

50. The Working at Point Away from Home Locality Act, MCLA §408.581 et seq, states that the terms and conditions of employment in an offer of employment made to a person "at a point away from his or her home locality" shall be in writing.

51. Defendants induced plaintiffs to accept the offer to work "by promise of wages or other valuable consideration...at a point away from [their] home locality" and failed to specify in writing the terms and conditions of employment as it pertained to the payroll deductions, wages, type of work and location of employment. MCLA §408.581 et seq.

52. Defendants misrepresented the conditions of employment as they pertained to the wages offered, hours to be worked, payroll deductions and other miscellaneous items.

53. The Working at a Point Away from Home Locality Act, M.C.L.A §408.581 et seq., provides that if any misrepresentation is made as to any of the conditions of employment covered under the act, the employer "shall be liable to pay to the person injured by such misrepresentation, the full amount of damage sustained."

## COUNT III

### Breach of Contract

54. Plaintiffs incorporate by reference paragraphs 1-53.

55. The Defendants recruited Plaintiffs to work in Michigan performing general labor.

56. At the time of recruitment, Defendants, offered Plaintiffs employment and made promises and representations regarding that employment.

57. Plaintiffs agreed to these terms. Based on this agreement and in accepting the offer of employment, Plaintiffs left their families and traveled from Mexico to the Defendants' place of business in Michigan and presented themselves for work.

58. The Defendants breached the employment contract by failing to comply with the promised terms and conditions of employment.

59. The Defendants are therefore liable to the plaintiffs for actual, incidental, and consequential damages.

## COUNT IV

### Unjust Enrichment

60. Plaintiffs incorporate by reference paragraphs 1-59.

61. Plaintiffs conferred a benefit to the Defendants for the work provided by Plaintiffs during

their period of employment.

62. Plaintiffs conferred a benefit to the Defendants in the form of amounts paid for rent, uniforms, visa fees, and travel fees. These amounts were unlawfully deducted from Plaintiffs' paychecks or were not reimbursed as required under the law and by agreement between the parties.

63. Pursuant to Michigan common law, it is inequitable for Defendants to retain the benefit of the work performed and money unlawfully withheld without appropriately compensating Plaintiffs and for the Defendants to retain the benefits of the amounts unlawfully deducted from Plaintiffs' paychecks.

64. Pursuant to Michigan common law, it is inequitable for Defendants to retain the benefit of the money paid directly by the Plaintiffs for costs associated with securing employment with Defendants that are deemed to have been expended primarily for the benefit of the Defendants.

65. As a result of the Defendants' conduct, Plaintiffs have suffered a loss of substantial income.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' request the following relief:

1. Certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the FLSA claims set forth in Count I;

2. Certifying this case as a class action in accordance with Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count II through IV;

3. Declaring that the Defendants willfully violated the Fair Labor Standards Act and their

attendant regulations as set forth in Count II;

4. Declaring that the Defendants violated their obligations under the Fair Labor Standards Act (FLSA), the Working at Point Away From Home Locality Act, breached Plaintiffs' employment contract, and were unjustly enriched;

5. Granting judgment in favor of Plaintiffs and against defendants, jointly and severally, on the Plaintiffs' Fair Labor Standards Act claim as set forth in Count I and awarding each of them the amount of his/her unpaid minimum wages and/or overtime wages, along with an equal amount as liquidated damages;

6. Granting judgment in favor of Plaintiffs in an amount to be determined at trial for the violations of Counts II, III, and IV;

7. Awarding Plaintiffs their reasonable attorneys fees pursuant to the Fair Labor Standards Act (FLSA), 28 USC §201 et seq.;

8. Awarding Plaintiffs pre- and post-judgment interest on their damages;

9. Awarding Plaintiffs such other and further relief as the Court may deem just or equitable.

Respectfully submitted,

Date: 12/7/06

Law Office of Jose A. Sandoval, P.C.
Robert Anthony Alvarez (P66954)
Jose A. Sandoval (P57274)
4543 S. Division Ave.
Wyoming, MI 49548

Cunningham Dalman P.C.
Ronald J. Vander Veen (P33067)
Gregory J. McCoy (P51419)
Attorneys for the Plaintiffs
321 Settlers Road
Holland, MI 49423