UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARTURO CHAVEZ ROSALES, et al.,

      Plaintiffs,

v.                                                                                          Case No. 1:06-CV-877

HISPANIC EMPLOYEE LEASING                               HON. GORDON J. QUIST
PROGRAM, LLC, et al.,

      Defendants.
_____/

## ORDER

On February 7, 2008, the Court heard oral argument by telephone on the pending motions to dismiss and/or for summary judgment and thereafter issued various rulings on those motions. For the reasons stated on the record and as set forth below,

**IT IS HEREBY ORDERED** as follows:

1. Defendant Singh Management Company, LLC's Motion for Summary Judgment (docket nos. 39, 36) is **GRANTED** based upon Plaintiffs' failure to present evidence creating a genuine issue of material fact showing that Plaintiffs worked for Defendant Singh or that Defendant Singh ever employed any persons through a relationship with Defendant Hispanic Employee Leasing Program, LLC ("HELP"). For the same reasons, Defendant Brick Paving Designs, Inc.'s request for summary judgment (docket no. 41) is **GRANTED**. These Defendants are **dismissed** from the case.

2. Defendant HELP's Motion to Dismiss and/or for Summary Judgment (docket no. 31) with regard to Count I of Plaintiffs Second Amended Class Action Complaint

(unlawful deduction claim under the FLSA) is **DENIED**. This Court agrees with the analysis and conclusions of the court in *Rivera v. Brickman Group, Ltd.*, No. 05-1518, 2008 WL 81570 (E.D. Pa. Jan. 7, 2008), and similarly concludes that the holding of the Eleventh Circuit in *Arriaga v. Florida Pacific Farms, L.L.C.*, 305 F.3d 1228 (11th Cir. 2002), applies in a case such as this involving workers under the H-B2 visa program. Therefore, the Court concludes that Plaintiffs' point-of-hire transportation expenses, visa costs, and administrative fees were primarily for Defendants' benefit under the FLSA. The Court defers its ruling pending further review on the issue of whether return transportation expenses were primarily for Defendants' benefit.

3. Plaintiffs' Motion for Partial Summary Judgment (docket no. 48) is **DENIED** for the reason that unresolved factual issues remain regarding the amounts of Plaintiffs' travel, visa, and administrative expenses and the wages that Defendants paid Plaintiffs, for purposes of determining whether the de facto deductions caused Plaintiffs' wages to be reduced below the minimum wage.

4. The Court defers its ruling on HELP's motion with regard to Count II of Plaintiffs Second Amended Class Action Complaint (failure to pay overtime). At this stage, the Court agrees with HELP that Plaintiffs' affidavits fail to create a genuine issue of material fact regarding their overtime claim. However, the Court will allow Plaintiffs to examine HELP's records and file a supplemental brief based upon their examination of those records. Therefore, on or before **February 22, 2008,** HELP shall furnish copies of its records to Plaintiffs. Plaintiffs shall have until **March 10,**

  **2008**, to review those records and file a supplemental response.  HELP shall have until **March 17, 2008,** to file a reply.

5. The Court denies HELP's motion with regard to the statute of limitations because genuine issues of material fact remain with regard to Plaintiffs' equitable tolling argument, including but not limited to Plaintiffs' actual or constructive knowledge of their rights under the FLSA; whether Defendants posted the required FLSA poster; and whether the poster, if posted, would have alerted Plaintiffs to their FLSA rights.

6. The Court will issue a separate ruling regarding the breach of contract claim.

Dated:  February 11, 2008             /s/ Gordon J. Quist
                            GORDON J. QUIST
                      UNITED STATES DISTRICT JUDGE