UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARTURO CHAVEZ ROSALES, et al.,

        Plaintiffs,

v.                                                                                          Case No. 1:06-CV-877

HISPANIC EMPLOYEE LEASING                                 HON. GORDON J. QUIST
PROGRAM, LLC, et al.,

        Defendants.
_____/

## MEMORANDUM ORDER

      Pursuant to the Court's July 15, 2008 Order, the parties have filed supplemental briefs regarding Defendant Hispanic Employee Leasing Program, LLC and other Defendants' motion for summary judgment on Count II of Plaintiffs' Second Amended Class Action Complaint (now Third Amended Class Action Complaint) alleging a claim under the Fair Labor Standards Act ("FLSA") for failure to pay overtime.  On February 11, 2008, the Court entered an Order summarizing the rulings it made on Defendants' motion during oral argument on February 7, 2008.  With regard to the failure to pay overtime claim, the Court stated that it agreed with Defendants that Plaintiffs' affidavits, which provided no supporting details, were insufficient to create a genuine issue of material fact.  However, the Court allowed Plaintiffs additional time to examine Defendants' records and granted Plaintiffs and HELP an opportunity to file supplemental briefs following Plaintiffs' review of those records..  The deadlines were subsequently extended by Stipulation and Order entered on February 25, 2008.  The Court issued the July 15, 2008 Order after Plaintiffs failed to file

their supplemental brief.  The parties have now filed their supplemental briefs and the matter is ready for decision.

At the time Defendants filed their motion to dismiss or for summary judgment, the operative pleading was Plaintiffs' First Amended Class Action Complaint.  Count II, captioned "Failure to Pay Overtime" under the FLSA, alleged that "Defendants did not pay Plaintiffs at a rate of one and a half times their regular rates for hours worked in excess of forty (40) hours."  (1st Am. Class Action Compl. ¶ 66.)  Although Plaintiffs filed a Second Amended Class Action Complaint before the hearing on Defendants' motion and have since filed a Third Amended Class Action Complaint, the theme of Count II has essentially remained unchanged – that Plaintiffs were not paid time and a half for overtime hours.

In moving for summary judgment, Defendants submitted an affidavit from Anthony Porter, who stated:

> 10. I have reviewed the pay records for each of the named Plaintiffs in this case.  With regard to each Plaintiff and each year that they worked or were paid directly by HELP, Plaintiffs were fully paid overtime for each hour of overtime they reported or claimed.
>
> 11, I have no reason to believe that all overtime hours were not reported or that HELP did not fully pay the named Plaintiffs for the hours they reported.

(Porter Aff. ¶¶ 10, 11.)  In response, Plaintiffs Rosales, Ramon Cisneros, and J. Luz Cerrano Cisneros submitted affidavits stating: "During my work with the companies listed on the complaint, I did not always get paid overtime or receive my pay for every hour worked."  The Court found these affidavits insufficient to create a genuine issue of material fact.

In their supplemental brief, Plaintiffs fail to present any evidence supporting their claim that they did not get paid overtime or receive pay for every hour worked.  Instead, they present two new

theories or "twists" on their claim in Count II.  First, they contend that Defendants failed to pay them the proper prevailing wage rate, resulting in the underpayment of overtime compensation.  Second, they contend that Defendants failed to properly calculate overtime under the fluctuating workweek method permitted by the FLSA regulations, 29 C.F.R. § 778.114.  Neither theory was evident from the allegations in Count II or from the affidavits Plaintiffs submitted in opposition to Defendants' motion.

With regard to the new failure to pay the prevailing wage theory, the Court rejects it as an improper attempt by Plaintiffs to once again amend their complaint.  Based upon the allegations of Plaintiffs' various Class Action Complaints and the materials Plaintiffs submitted in opposing Defendants' motion for summary judgment, Plaintiffs failed to give fair notice to Defendants that their failure to pay overtime wages claim in Count II had anything to do with failing to pay the prevailing wage contained in the temporary labor certification.  Moreover, even were the Court inclined to consider the theory, Plaintiffs have failed to present any convincing support for their assertion that Defendants were required to re-determine the prevailing wage on the actual date that Plaintiffs began work.  Rather, as Defendants have shown in their supplement brief, Michigan's State Workforce Agency, the Michigan Department of Labor and Economic Growth, determined the prevailing wage at the time HELP submitted its application and after advertising the jobs to United States workers in the appropriate market, as required by United States Department of Labor regulations.  Since the purpose of first offering jobs to United States workers is to ensure that there are no United States workers available and/or willing to accept the jobs upon the same terms and conditions to be offered H-2B visa holders, paying a different wage rate when the foreign worker actually begins work would be contrary to the policies underlying the H-2B visa program by paying foreign workers a higher wage.  Moreover, if Plaintiffs were correct that employers of H-2B visa

3

holders are required to pay the prevailing wage determined as of the date the worker begins work, rather than the date the temporary certificate was granted, the prevailing wage determination by the State Workforce Agency as part of the application process would be meaningless, as the employer would not be able to rely upon the rate in the certificate if the employee did not actually begin work on the date the certificate was granted. While Defendants present other persuasive reasons why Plaintiffs' theory cannot stand, the Court need not address them as it has already concluded that the theory lacks merit.

Plaintiffs' second argument – that Defendants failed to properly calculate overtime for certain Plaintiffs in 2006 and 2007, thereby resulting in underpayment of overtime wages – is consistent with the allegation in Count II that Defendants did not pay Plaintiffs the proper overtime rate. Plaintiffs have provided some documentary support for this theory and, although Defendants claim that they have defenses to the allegation that they failed to properly calculate the overtime rate, they concede that they may not be entitled to summary judgment at this point. Based upon the materials presented, the Court concludes that, at least at this point, Plaintiffs have a viable claim under Count II regarding their allegation that Defendants failed to properly calculate their overtime wages. Therefore,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment on Count II of Plaintiffs' Third Amended Class Action Complaint (docket no. 31) is **DENIED**. However, Plaintiffs' claim in Count II shall be limited to their assertion that Defendants failed to properly calculate the overtime rate for Plaintiffs. Plaintiffs may not assert Defendants' alleged failure to pay the prevailing wage as a basis for liability under Count II.

Dated:  November 26, 2008                                           /s/ Gordon J. Quist
                                                                                                    GORDON J. QUIST
                                                                                            UNITED STATES DISTRICT JUDGE